UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| IRON WORKERS MID-SOUTH PENSION FUND, *Derivatively on Behalf of U.S. Bancorp*, | Civil No. 13-289 (JRT/HB) |
| Plaintiff, | |
| v. | |
| RICHARD K. DAVIS, ANDREW CECERE, PATRICK T. STOKES, O'DELL M. OWENS, JERRY W. LEVIN, VICTORIA BUYNISKI GLUCKMAN, DAVID B. O'MALEY, ARTHUR D. COLLINS, JR., JOEL W. JOHNSON, CRAIG D. SCHNUCK, OLIVIA F. KIRTLEY, DOUGLAS M. BAKER, JR., Y. MARC BELTON, RICHARD D. REITEN, TERRANCE R. DOLAN, RICHARD J. HIDY, DIANE L. THORMODSGARD, BRYAN R. CALDER, | **MEMORANDUM OPINION AND ORDER AFFIRMING THE FEBRUARY 10, 2014 ORDER OF THE MAGISTRATE JUDGE** |
| Defendants, | |
| and | |
| U.S. BANCORP, *a Delaware Corporation*, | |
| Nominal Defendant. | |

Brian J. Robbins, Craig W. Smith, Gina Stassi, Julia M. Williams, **ROBBINS ARROYO LLP**, 600 B Street, Suite 1900, San Diego, CA 92101; Henry M. Helgen, III and Amanda R. Cefalu, **ANDERSON, HELGEN, DAVIS & NISSEN, LLC**, 333 South Seventh Street, Suite 310, Minneapolis, MN 55402, for plaintiff.

Hugh D. Brown, Peter W. Carter, and Kristina L. Carlson, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendants Richard K. Davis, Andrew Cecere, Patrick T. Stokes, O'Dell M. Owens, Jerry W. Levin, Victoria Buyniski Gluckman, David B.

O'Maley, Arthur D. Collins, Jr., Joel W. Johnson, Craig D. Schnuck, Olivia F. Kirtley, Douglas M. Baker, Jr., Y. Marc Belton, and Richard D. Reiten.

Kristina L. Carlson, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN  55402, for defendants Terrance R. Dolan, Richard J. Hidy, Diane L. Thormodsgard, and Bryan R. Calder.

Sarah H. Daggett and Steve W. Gaskins, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN  55402, for nominal defendant.

Plaintiff in this matter brought a complaint alleging that Defendants – who are current and former officers and directors of U.S. Bancorp ("US Bank") – breached their fiduciary duty by failing to properly oversee the performance of US Bank's largest subsidiary, U.S. Bank National Association ("US Bank NA") as trustee of several trusts that invested in mortgage-backed securities.  The Court previously dismissed without prejudice Plaintiff's claim based on failure of oversight, finding that Plaintiff's allegations were "insufficient to plausibly state a claim that Defendants consciously disregard their oversight duties."  *Iron Workers Mid-S. Pension Fund v. Davis*, Civ. No. 13-289, 2013 WL 6858567, at *8 (D. Minn. Dec. 30, 2013).  The Court allowed Plaintiff forty-five days in which "to file an amended complaint addressing the noted shortcomings in its breach of fiduciary duty claim."  *Id.* at *10.

Plaintiff then brought a motion to conduct limited discovery for the purpose of obtaining documents from US Bank that would allow it to fully and fairly plead its failure of oversight claim.  Plaintiff also sought an extension of the deadline in which to file its amended complaint.  United States Magistrate Judge Jeanne J. Graham denied Plaintiff's

motion to conduct limited discovery and allowed a short extension of the time for filing the amended complaint. Plaintiff objects to the Magistrate Judge's order. Because the Court finds the Magistrate Judge's conclusion that discovery is not warranted is neither clearly erroneous nor contrary to law under these circumstances, the Court will overrule Plaintiff's objections.

## BACKGROUND[1]

Plaintiff is a pension fund that currently holds US Bank stock and held US Bank stock at the time of the wrongdoing alleged in the complaint. (Compl. ¶ 18, Feb. 5, 2013, Docket No. 1.)[2] Defendants are current and former members of US Bank's Board of Directors and US Bank's CEO and CFO. (*Id.* ¶¶ 20-34.) A number of the Defendants currently serve, or have served, on US Bank's Audit Committee and/or Risk Management Committee. (*Id.*)

During the relevant time period US Bank NA served as trustee for a group of trusts holding residential mortgages as part of mortgage-backed securities transactions. (*Id.* ¶¶ 1-2.) Iron alleges that, as trustee, US Bank NA owed numerous duties to the trusts

---

[1] A more thorough description of the underlying facts and Plaintiff's allegations can be found in the Court's previous order. *See Iron Workers Mid-S. Pension Fund*, 2013 WL 6858567. The Court recites the facts here only to the extent necessary to rule on the present objections.

[2] Plaintiff has now filed an amended complaint consistent with the Magistrate Judge's order providing that any amended complaint was to be filed by February 21, 2014. (*See* Am. Compl., Feb. 21, 2014, Docket No. 46; Order at 2, Feb. 10, 2014, Docket No. 45.) Because the present objections relate to the necessity of discovery to cure the deficiencies in the original complaint, however, the Court cites to the allegations as recited in the original complaint that was before the Court on the motion to dismiss and at the time of the motion to conduct limited discovery.

and breached those duties. (*Id.* ¶¶ 61, 64, 68-69, 71, 73, 78, 81, 84-88.) As a result of its alleged failures as trustee, US Bank NA is now the subject of two class actions in the Southern District of New York brought by investors. (*Id.* ¶ 7.)

On February 29, 2012, three months after the first class action against US Bank NA was filed in New York, Plaintiff sent a demand letter to the US Bank board alleging that the officers and directors had engaged in misconduct in relation to the company's duties as trustee for the mortgage-backed securities trusts. (*Id.* ¶ 118, Ex. A.) The letter demanded that US Bank investigate to determine which employees, officers, or directors were responsible for overseeing US Bank's internal controls relating to its role as trustee and who may be responsible for US Bank NA's failings as trustee. (*Id.*, Ex. A at 5.)[3] Plaintiff also requested that US Bank "commence legal proceedings against each party identified as being responsible for the mismanagement and other related misconduct" alleged in the letter. (*Id.*) After a series of communications between US Bank and Plaintiff that spanned six months, Plaintiff sent a letter stating its belief that US Bank was refusing to investigate (*id.* ¶ 125, Ex. H at 22-23) and initiated the present lawsuit on February 5, 2013.

In its complaint, Plaintiff alleged that Defendants breached their fiduciary duties of loyalty and good faith by failing to prevent US Bank NA from violating its duties as trustee. (*Id.* ¶ 45.) Plaintiff pointed to various "red flags" which it alleged demonstrate that Defendants knew that there were defects in the mortgages underlying the mortgage-backed securities and knew that US Bank NA was failing to comply with its duties as

---

[3] Unless otherwise noted all page references are to the CMECF pagination.

trustee. (*Id.* ¶¶ 90-110.) In particular, Plaintiff identified the collapse in 2008 of the banking entities that originated the underlying mortgages which resulted in numerous investigations, news reports, and lawsuits showing that those entities regularly breached their warranties and representations in mortgage transactions and several state and federal reports on abuses by banks in foreclosure proceedings, as evidence that Defendants "knew or were recklessly unaware" of the deficiencies in the underlying mortgages in the trusts, failed to ensure that US Bank NA was performing its duties as trustee, and failed to establish any system of oversight. (*Id.* ¶¶ 103, 110.)

## I.     MOTION TO DISMISS

US Bank and Defendants both moved to dismiss Plaintiff's complaint in its entirety. (Nominal Def.'s Mot. to Dismiss, Apr. 15, 2013, Docket No. 13; Defs.' Mot. to Dismiss, Apr. 15, 2013, Docket No. 15.) The Court granted the motion to dismiss, concluding, in relevant part that Plaintiff's "allegations are insufficient to plausibly state a claim that Defendants consciously disregarded their oversight duties." *Iron Workers Mid-S. Pension Fund*, 2013 WL 6858567 at *8. The Court explained that Plaintiff had "failed to present facts suggesting that the Board was presented with red flags alerting it to potential misconduct at the Company," and also that the complaint "lacks any description of what such oversight would have looked like." *Id.* (internal quotation marks omitted). Therefore the Court granted Defendants' motion to dismiss but provided Plaintiff with forty-five days in which "to file an amended complaint addressing the noted shortcomings in its breach of fiduciary duty claim." *Id.* at *10.

## II. DISCOVERY MOTION

Plaintiff then brought a motion for leave to conduct limited discovery pursuant to Federal Rule of Civil Procedure 26(d) and requested an extension of the period of time for filing an amended complaint. (Mot. for Leave to Conduct Limited Discovery & Continue Deadline to File Am. Compl., Jan. 27, 2014, Docket No. 32.) Plaintiff sought limited discovery of "relevant non-public documents in USB's exclusive possession that will allow Plaintiff to fully and fairly plead its claim on behalf of USB." (Mem. in Supp. of Mot. for Leave to Conduct Limited Discovery at 7, Jan. 27, 2014, Docket No. 33.) Specifically, Plaintiff requested the following non-public documents in USB's possession, custody, or control dating from January 1, 2007 to February 3, 2013:

1. Documents sufficient to identify and understand the responsibilities of the members of USB's Board, any committee thereof, and all Company officers responsible for overseeing USB's risk management and/or compliance for US Bank NA's trust operations from 2007 through 2011 (the "Relevant Period"), including, without limitation, organizational charts, job or committee descriptions, and reporting and certification processes;

2. All Relevant Period documents reflecting the Company's internal reporting and monitoring policies, practices, processes, and procedures relating to oversight of risk management and/or compliance for US Bank NA's trust operations;

3. All documents reflecting, commenting upon, or otherwise relating to the actual oversight or supervision of US Bank NA's trustee operations by the Individual Defendants during the Relevant Period; and

4. All documents reflecting communications to or with the Individual Defendants regarding risk and/or compliance issues arising from US Bank NA's trustee services during the Relevant Period, including, without limitation, all minutes, agendas, and presentations provided to the Board or to USB officers concerning US Bank NA.

(*Id.* at 17-18.)

### III.   MAGISTRATE JUDGE'S ORDER

On February 10, 2014, after a hearing on the matter, the Magistrate Judge denied Plaintiff's motion to conduct limited discovery, and provided Plaintiff with a brief extension, until February 21, 2014, in which to file its amended complaint.  (Minute Entry, Feb. 10, 2014, Docket No. 44; Order, Feb. 10, 2014, Docket No. 45.)  The order stated that "[f]or reasons to be set forth in a Memorandum to follow, the motion is denied." (Order at 1.)

On March 5, 2014, the Magistrate Judge filed a memorandum of law discussing the reasons for the denial of Plaintiff's motion.  (Mem. of Law, Mar. 5, 2014, Docket No. 58.)  The Magistrate Judge relied upon *In re Medtronic, Inc. Spring Fidelis Leads Products Liability Litigation*, MD No. 08-1905, 2009 WL 294353 (D. Minn. Feb. 5, 2009) to conclude that discovery was not warranted prior to Plaintiff's filing of an amended complaint.  (*Id.* at 4.)  Specifically, the Magistrate Judge concluded that denial of Plaintiff's motion was appropriate because Plaintiff was required to plead a claim before obtaining discovery, Plaintiff's discovery requests were overly broad, and in opposing the Defendants' original motion to dismiss Plaintiff had not alerted the Court that it needed discovery to adequately state a claim.  (*Id.* at 5-6.)  The Magistrate Judge also concluded that Plaintiff had not demonstrated good cause for ordering expedited discovery because "the prejudice to Defendants is great." (*Id.* at 7 n.2.)  Plaintiff filed an

appeal on March 19, 2014, objecting to the Magistrate Judge's denial of the motion for limited discovery. (Objections, Mar. 19, 2014, Docket No. 59.)

## ANALYSIS

### I. STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn*, 254 F.R.D. 554, 556 (D. Minn. 2008) (internal quotation marks omitted).

### II. TIMELINESS

As an initial matter, Defendants argue that the Court should not consider Plaintiff's objections because they are untimely. Specifically, Defendants argue that Plaintiff's time for appealing ran from the Magistrate Judge's entry of the order on February 10, 2014, rather than the entry of the explanatory memorandum of law on March 5, 2014. As support, Defendants cite the Local Rules, which provided with

respect to nondispositive matters that "[a] party may file and serve objections to the **order** within 14 days after being served with a copy, unless the court sets a different deadline." D. Minn. LR. 72.2(a)(1) (emphasis added). If the time for appealing ran from the entry of the February 10, 2014 order, Plaintiff's March 19, 2014 objections are untimely under this rule.

The Court concludes, however, that where, as here a Magistrate Judge enters an order specifically noting that "the reasons for that ruling" will be addressed in a later-filed memorandum, it would make little sense to require an appealing party to appeal from the order itself. This is so because the rule requiring that objections to an order be filed within fourteen days also provides that "[a] party may not assign as error a defect in the order not timely objected to." D. Minn. LR 72.2(a)(1). It would be difficult, if not impossible, for an objecting party to file objections that contain the requisite specificity and identify particular defects in an order, where it is clear that the Magistrate Judge's reasoning – including such defects – will be forthcoming in a separate document. *See* Fed. R. Civ. P. 72, advisory committee's note (explaining that the rule governing nondispositive matters "calls for a written order of the magistrate's disposition to preserve the record **and facilitate review**" (emphasis added)). Furthermore, given the timing of the Magistrate Judge's two filings here, requiring Plaintiff to appeal from the February 10, 2014 order would have placed the Court in the unenviable position of being required to review an order, ascertain whether that order was clearly erroneous or contrary to law, and write its own order explaining its conclusion at the same time that

the Magistrate Judge was in the process of writing an explanation of the rationale for her order.

The Court need not definitively decide here whether, under these circumstances, Plaintiff's objections are timely under the Local Rules because, even if the objections were technically untimely, the Court would still consider them.  The Court notes that "'the deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party.'"  *United States v. Buchanan*, Civ. No. 07-50118, 2008 WL 2704865, at *2 (D.S.D. July 7, 2008) (quoting 32 Am. Jur. 2d Federal Courts § 145); *see also Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000) (noting that the deadline for objections is not jurisdictional); D. Minn. LR 72.2(a)(3) (providing only that "[t]he district judge must consider timely objections" but not restricting the Court's ability to consider untimely objections, and expressly providing that "[t]he district judge may also reconsider on his or her own any matter decided by the magistrate judge but not objected to").

Therefore, even if Plaintiff's objections were technically untimely under the Local Rules the Court concludes that, under the unique procedural posture presented by this situation, consideration of Plaintiff's objections is appropriate as they were not egregiously late and caused no prejudice to Defendants.  If anything, Plaintiff's delay improved both the Defendants' (and the Court's ability) to address the Magistrate Judge's ruling on the merits.  Although it would have perhaps been wise for Plaintiff, in an abundance of caution, to file a placeholder appeal from the February 10, 2014 order, and request an extension of the briefing schedule that would run from the filing of the

Magistrate Judge's memorandum, the Court does not conclude that the Local Rules require such an act.[4] Accordingly, the Court will consider Plaintiff's objections.

## III. PLAINTIFF'S OBJECTIONS

### A. Application of Medtronic

Plaintiff first argues that the Magistrate Judge erred in construing *Medtronic* as holding that discovery can never be obtained prior to a plaintiff pleading an adequate claim. The Magistrate Judge did, however, correctly quote *Medtronic* as stating that "[a] plaintiff **must** adequately plead a claim before obtaining discovery, not the other way around. Simply stated, discovery is not to be used to find a cause of action." *Medtronic*, 2009 WL 294353 at *2 (emphasis added) (internal quotation marks omitted). (*See* Mem. of Law at 4-5.) *Medtronic* even went on to state that "[a]t this junction, Plaintiffs have **failed to allege any viable causes of action**. Accordingly, they are not entitled to conduct a fishing expedition for discovery, and only then amend their complaint in order finally to set forth well-pleaded allegations." *Medtronic*, 2009 WL 294353 at *2 (alteration and internal quotation marks omitted). Plaintiff is correct that *Medtronic* likely overstates the rule to the extent it can be interpreted as holding that discovery can never be conducted prior to plaintiff's stating a viable claim. *See, e.g.*, *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, Civ. No. 13-1356, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) (concluding that discovery could proceed even where a motion

---

[4] The Court also notes that such a situation could be avoided altogether if the Magistrate Judge explicitly set a deadline for appeals to run from the memorandum of law. *See* D. Minn. LR 72.2(a)(1) (noting that the court may set a "different deadline" than the fourteen days from service of the order provided by the rule).

to dismiss was pending (and plaintiff had thus not yet stated a viable claim) because "the mere filing of a motion to dismiss the complaint does not constitute good cause for the issuance of a discovery stay" (internal quotation marks omitted)); *see also Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012) (explaining that "[w]here modest discovery may provide the missing link, the district court has discretion to allow limited discovery" after dismissal of a complaint in order to facilitate pleading an amended complaint).

But the fact that *Medtronic*, and the Magistrate Judge, may have overstated the rule, does not demonstrate that the Magistrate Judge erred in reaching the ultimate conclusion that Plaintiff was not entitled to discovery under these circumstances. Specifically, the Magistrate Judge concluded that Plaintiff was not entitled to discovery because it had failed to mention the need for discovery at the motion to dismiss stage, and instead only sought it in reaction to the Court's order of dismissal.  (Mem. of Law at 6.) Additionally, the Magistrate Judge concluded that Plaintiff's discovery requests would not be allowed because they were overly broad and because Plaintiff had failed to demonstrate good cause for expedited discovery in light of the fact that prejudice to the Defendants would be great.  (*Id.* at 6-7 & n.2.)  Plaintiff does object to some of these individual conclusions and the Court addresses those objections below.  But Plaintiff does not argue that if the Magistrate Judge was correct in making each of these determinations – that Plaintiff failed to seek discovery at the motion to dismiss stage, the requests were overly broad, and Defendants would suffer prejudice from expedited discovery – the overly broad statement of law adopted from *Medtronic* resulted in a

decision that was ultimately clearly erroneous or contrary to law. In other words, regardless of whether it was error to state that discovery can never precede the pleading of a viable complaint, the Magistrate Judge's conclusion to deny discovery rested on numerous independent bases – the adequacy of which (provided the conclusions are correct) Plaintiff does not contest.

### B. Federal Rule of Civil Procedure 23.1

Plaintiff next objects to the Magistrate Judge's failure "to address the legal and policy implications of the Court's ruling that Plaintiff satisfied the stringent pleading requirements of Rule 23.1 and is entitled to proceed derivatively." (Objections at 7.) Specifically, Plaintiff argues that under Rule 23.1 – which governs pleading standards for derivative lawsuits – the stockholders (Plaintiff), not the corporation (US Bank), are entitled to control the proceedings. *See Brehm v. Eisner*, 746 A.2d 244, 255 (Del. 2000) (explaining that one of the purposes of Rule 23.1 is to "allow a plaintiff to proceed with discovery and trial if the plaintiff complies with this rule and can articulate a reasonable basis to be entrusted with a claim that belongs to the corporation"). Nothing in Rule 23.1 or the cases cited by Plaintiff, however, stands for the proposition that in a derivative lawsuit Plaintiff – although entitled to control the course of the lawsuit – is relieved of its obligation to comply with the other Federal Rules. Nor do those authorities indicate that the Court is without power to carry out its functions regarding discovery. Instead the authorities demonstrate only that as between Plaintiff and the nominal Defendant in a derivative lawsuit, Plaintiff is the entity in charge of the litigation. Even if Plaintiff was

correct that Rule 23.1 provided it with the power, generally, to conduct discovery and proceed to trial even before it had stated a claim upon which relief could be granted, the Court would still be entitled to control discovery. *Cf.* Fed. R. Civ. P. 16(b) (providing the Court with the authority to issue a scheduling order on subject matter including the extent of discovery and discovery deadlines); Fed. R. Civ. P. 26(b)(2) (providing the Court with the authority "on motion or on its own" to "limit the frequency or extent of discovery"). Accordingly, the Magistrate Judge did not clearly err in refusing to allow Plaintiff to conduct discovery based on the nature of the lawsuit as a derivative action, as the Magistrate Judge was still empowered to control the scope and timing of discovery.

### C.    Prejudice

Finally, Plaintiff argues that the Magistrate Judge erred in concluding that the discovery requests were overly broad because Defendants failed to establish undue prejudice. Plaintiff argues that its discovery requests "correspond directly to the Court's requirement that Plaintiff plead facts descriptive of the prevailing oversight regime scheme and suggesting the Board was presented with red flags." (Objections at 9.) Plaintiff also contends that the Magistrate Judge erred in finding prejudice based on the arguments of Defendants, because they lack standing to object to the requested discovery, which is sought from US Bank. The Court concludes that it was not clear error for the Magistrate Judge to determine that the requests were overly broad. Specifically, the Magistrate Judge explained:

> Iron seeks more than five years' worth of documents, including those regarding the responsibilities of those overseeing U.S. Bank's risk

management and compliance operations, documents reflecting U.S. Bank's internal reporting and monitoring policies and practices, documents reflecting, commenting upon, or otherwise relating to actual oversight or supervision of U.S. Bank NA's trustee operations, and documents reflecting communications to or with Defendants regarding risk or compliance issues.

(Mem. of Law at 6.)  It was not clear error to conclude that these requests sought more information than required to plead a sufficient claim for breach of fiduciary duty. Furthermore, even if these broad requests were warranted, the Magistrate Judge did not err in concluding that such extensive discovery at this stage in the pleadings would cause prejudice, at least to US Bank.  And the Court has previously concluded that parties may challenge discovery sought from third-parties in litigation, and therefore the Defendants had standing to contest discovery sought from US Bank.  *See Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013).  Accordingly, the Court concludes that the Magistrate Judge's conclusion that discovery would be prejudicial, was not clearly erroneous.  Therefore, the Court will affirm the order of the Magistrate Judge, as Plaintiff failed to establish its entitlement to discovery prior to filing its amended complaint.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's Objections [Docket No. 59] and **AFFIRMS** the Magistrate Judge's Order dated February 10, 2014 [Docket No. 45].

DATED:  October 14, 2014             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                         United States District Judge